IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **TRISURA SPECIALTY INSURANCE COMPANY** § § § | | |
| **Plaintiff,** § | | |
| § | **CIVIL ACTION NO.** | |
| **v.** § § | | |
| **OM TRANSPORTATION, INC.** § § § | **JURY TRIAL DEMANDED** | |
| **Defendant** § | | |

**PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT**

Plaintiff Trisura Specialty Insurance Company ("Trisura") files this Original Petition for Declaratory Judgment against Defendant OM Transportation, Inc. ("OM Transportation, Inc.") and alleges as follows:

### I.   NATURE OF THE ACTION

1. This is a declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202 wherein Trisura seeks declaration that it owes no duty of defense or indemnity or any other obligation with respect to the allegations of liability and damages sought or the Order and [Default] Judgment regarding the liability lawsuit styled *Frank Landry, as Administrator of the Estate of Zachary Landry v. OM Transportation, Inc., et al*; CAUSE NO. 24LA1705, in the Circuit Court, County of St. Clair, Illinois (the "Underlying Lawsuit"). (*See* Ex. A, a file-marked copy of the Complaint, Ex. B, a file-marked copy of the Order and [Default] Judgment).

2. Trisura seeks declaratory judgment that no duty of defense was ever owed because there is no potential for coverage under the commercial automobile liability part of the Trisura Policy. Trisura also seeks declaratory relief because the MCS-90 Endorsement is not triggered.

1

## II.     PARTIES

3. Plaintiff TRISURA SPECIALTY INSURANCE COMPANY is a corporation organized and existing pursuant to the laws of Oklahoma with a principal place of business in Oklahoma City, Oklahoma.

4. Defendant OM TRANSPORTATION, INC. is corporation formed and existing pursuant to the laws of Texas with a business address of 3351 Clark Boulevard, Apt. 1002, Laredo, Texas 78043, and may be served by and through its registered agent ORLANDO MENDOZA, at 3351 Clark Boulevard, Apt. 1002, Laredo, Texas 78043. (*See* Ex. C, Texas Secretary of State Certificate of Formation).

## III.     JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because it involves an amount in controversy which exceeds $75,000.00, exclusive of interest and costs and there is complete diversity of citizenship between Plaintiff and Defendants.

6. Further, this action involves the interpretation and construction and purpose of the MCS-90 Endorsement, which is mandated by federal statute, and interpreted and subject to construction of scope and enforcement as a matter of federal law.

7. This Court has jurisdiction over OM Transportation, Inc. because OM Transportation, Inc. is a corporation formed in the State of Texas with an address of 3351 Clark Boulevard, Apt. 1002, Laredo, Texas 78043, and the Texas Secretary of State records evidence that the only officer, director, member, general partner or manager of OM Transportation, Inc. is Orlando Mendoza, Director at an address as of the Texas Franchise Tax Public Information Report for the years 2022, 2023 and 2024 of 3351 Clark Blvd Apt. 1003, Laredo, Texas 78043. (*See* Ex. D, Texas Secretary of State Franchise Tax Public Information Reports for 2022, 2023, and 2024).

8.  Venue is appropriate here for several reasons, including that this case involves the application of the MCS-90 Endorsement, a federal statute, and the regulations promulgated by the federal government pertaining to it, and Trisura's evidence regarding the application of this endorsement is contained within the claim file material of Trisura, which is incorporated and maintains its principal place of business in the State of Oklahoma City, and Global Guardian Services, LLC which maintains its principal place of business in the State of California. Additional evidence relevant to these issues is contained within the Underlying Lawsuit which was filed in Illinois. Because Trisura operates in Oklahoma and Global Guardian Services, LLC, the claims professionals, operate in California, travel to and from the location of this insurance declaratory action will be required. Travel to and from Corpus Christi is much easier than travel to and from Laredo, and Corpus Christi provides a reasonable alternative for all parties.

### IV.   BACKGROUND SUMMARY

**A.   UNDERLYING LAWSUIT**

9.  Frank Landry, as Administrator of the Estate of Zachary Landry ("Mr. Landry") filed the Underlying Lawsuit in which he alleged liability and damages for an accident that occurred on May 30, 2024. (Ex. A, p. 1). Mr. Landry asserts that Zachary Landon died as a result of the accident. (*Id*.).

10. Specific to OM Transportation, Inc., Mr. Landry alleges that OM Transportation, Inc.: (a) "owned and/or operated the subject tractor and trailer"; (b) that the tractor and trailer were "registered with the USDOT/Federal Motor Carrier Safety Administration"; and (c) is subject to the Federal Motor Carrier Safety Regulations and Illinois State Traffic Laws. (*Id*.). Further, Mr. Landry asserts that Homero Molina, Jr. ("Mr. Molina") was "operating" the tractor trailer (which had "broke down due to maintenance defects'") and that Mr. Molina was an "agent and/or employee

of and acting in the course of his agency and/or employment for" OM Transportation, Inc. and another named defendant at the time of the accident. (*Id*. at p. 2).

11. Liability and damages are plead against OM Transportation, Inc. under legal theories of negligence, vicarious liability, and alleged violations of numerous laws and regulations. (*Id*. at pp. 2-4). In addition to negligence theories seeking actual damages, allegations also include knowing or intentional conduct, for which punitive damages are sought. (*Id*. at p. 4).

12. A Memorandum in Support of Motion for Default Judgment was filed in the Underlying Lawsuit on March 13, 2025. (Ex. E; file-marked copy of the Memorandum in Support of Motion for Default Judgment).

13. A Default Order and Judgment was signed and entered in the Underlying Lawsuit against "OM Transportation Inc., El Transport, LLC, and Homero Molina, Jr., jointly and severally in the amounts of $25 million in compensatory damages and $423,288.00 in prejudgment interest", for a total award of $25,423,288.00. The Court *sua sponte* (on its own legal determination) struck the claim for punitive damages for failure to comply with a particular Illinois statute. (Ex. B; file-marked copy of Default Order and Judgment).

14. OM Transportation, Inc. filed a Motion to Vacate Default Judgment Order Pursuant to 735 ILCS 5/2-1401 on September 2, 2025. (Ex. F; file-marked copy of Motion to Vacate Default Judgment Order).

15. The Court denied the Motion to Vacate. (Ex. G; file-marked copy of Order Denying Motion to Vacate Default Judgment).

B. **TRISURA POLICY**

16. Trisura Specialty Insurance Company ("Trisura") issued policy number TTT-23-2-244202 to first named insured OM Transportation Inc. with a policy period of January 5, 2024 to January

5, 2025, a potential commercial automobile liability limit of $1 million combined single limit (the "Trisura Policy"). The Trisura Policy also includes an MCS-90 Endorsement. (Ex. H, certified copy of the Trisura Policy).

### V.  TRISURA POLICY DOES NOT PROVIDE COVERAGE

17. Trisura seeks declaratory judgment that it owes no duty to defend the allegations made or damages sought in the Underlying Lawsuit under the commercial automobile liability part of the Trisura Policy. For the same reasons, Trisura seeks declaratory judgment that it owes no potential duty to indemnify.

#### A.  Scheduled Vehicle and Listed Driver Endorsement

18. The Trisura Policy commercial automobile liability part expressly provides potential coverage only when the driver is listed on the policy and the vehicle is also scheduled on the policy. In this regard, the Trisura Policy includes the following Endorsement:

> **SCHEDULED VEHICLES AND LISTED DRIVERS ONLY ENDORSEMENT**
>
> **THIS ENDORSEMENT AMENDS THE POLICY TERMS.
> PLEASE READ CAREFULLY.**
>
> **DECLARATIONS BY THE INSURED:**
>
> **I CONFIRM MY UNDERSTANDING OF THE FOLLOWING POLICY CONDITIONS:**
>
> **[  ] I UNDERSTAND AND AGREE THAT COVERAGE UNDER THIS POLICY EXTENDS <u>ONLY TO THOSE VEHICLES SCHEDULED IN THE POLICY WHEN SAID VEHICLES ARE DRIVEN BY DRIVERS LISTED IN THE POLICY</u>.**

(Ex. H; Scheduled Vehicles and Listed Drivers Only Endorsement)(underline emphasis added).

19. The above endorsement language is only subject to one reasonable interpretation – if a scheduled vehicle is not being driven by a listed driver, no potential for coverage exists.

20. Here, the alleged driver, Mr. Molina, is not listed as a driver. (Ex. H; Complete List of

5

Drivers Endorsement).

21. In addition, the motor vehicle involved in the accident is not included in the schedule on the Trisura Policy, uncontrovertibly evidenced by documentation provided from the public record official police report. (*See* Ex. E; Memorandum in Support of Default Judgment; p. 16). The VIN number for the "freightliner" involved in the accident is "1FUJBBCGX4LM93203", and that VIN number is not stated on the schedule of vehicles on the Trisura Policy. (*Id.*; Ex. H; Complete List of Insured Vehicles Endorsement).

22. Pursuant to the foregoing, the Trisura Policy commercial automobile liability part requires a listed driver to be driving a scheduled vehicle at the time of the alleged accident for there to be any potential for coverage. Here, the driver is not listed, and the motor vehicle is also not scheduled. Thus, there is no potential for coverage and, correspondingly, no duty to defend or potential duty to indemnify.

    **B.** **Notice Condition Precedent Not Met**

23. The Trisura Policy includes the following express condition:

**CONDITIONS**

. . . .

    **2.** **Notice of Claim or Suit – Coverages A and B[1]:**

If claim is made or suit is brought against the insured the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

(Ex. H; Trisura Policy, base form, p. 3).

24. OM Transportation Inc. did not notify Trisura regarding the existence of the Underlying

---

[1] As has been noted many times, the preface of application to only "Coverages A and B" but not expressing "Coverage C" should have no material impact on its application because "Coverage C" is the combined coverage of "Coverages A and B". However, this is pointed out to the extent it may be raised, and to the extent it may have any impact.

Lawsuit.

25. And it was Trisura who notified OM Transportation Inc. of the Default Judgment as stated in the Declaration of Orlando Mendoza ("Mr. Mendoza"), the owner and operator of OM Transportation, Inc., he "first learned of the Default Judgment on June 5, 2025 through [his] insurance company [Trisura]."  (Ex. F; file-marked Motion to Vacate Default Judgment; Declaration of Mr. Mendoza).

26. The undisputed lack of notice and demand for defense regarding the Underlying Lawsuit, even after a default judgment has been entered in the amount of $25 million, unquestionably constitutes a material breach of the notice condition precedent.

27. There can be no dispute that Trisura is prejudiced because of the lack of notice or demand in this case.

28. The clear violation of the notice condition precedent provides a separate and independent basis that coverage does not exist under the commercial automobile liability part of the Trisura Policy.

    C.    **"No Action" Clause Not Met**

29. The Trisura Policy includes the following "no action" clause, in pertinent part:

**CONDITIONS**

. . . .

**11.**    **Action Against the Company – Coverages A and B:**

No action shall lie against the company unless, as condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured **after actual trial** or by written agreement of the insured, the claimant and the company. . . .

(Ex. H; Trisura Policy; base form; p. 4)

30. The Trisura Policy "no action" clause expressly requires an "actual trial", and a default judgment does not meet this requirement because there was no "actual" or "adversarial" trial on which liability or damages were based.

31. This forms another separate and independent basis that coverage, in particular the duty to indemnify, does not exist under the Trisura Policy commercial automobile liability part with respect to the default judgment.

### D. Punitive Damages Exclusion Endorsement

32. The Trisura Policy includes the following endorsement:

> **PUNITIVE & EXEMPLARY DAMAGE EXCLUSION**
>
> . . . .
>
> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> . . . .
>
> This policy does not cover fines, penalties, damages multiplied by operation of law, or punitive or exemplary damages. This exclusion applies regardless of whether the damages are based upon the insured's conduct or the conduct of some other party for whom the insured may be legally responsible.

(Ex. H; Punitive & Exemplary Damages Endorsement Exclusion).

33. The default judgment expressly does not include punitive damages.

34. Nonetheless, Trisura seeks declaration that punitive or exemplary damages are not afforded any potential for coverage pursuant to the express exclusion for same to the extent necessary considering the Underlying Lawsuit allegations.

### VI. MCS-90 ENDORSEMENT OBLIGATION IS NOT TRIGGERED

35. The MCS-90 Endorsement only potentially applies when required by Sections 29 and 30 of the Motor Carrier Act of 1980 and regulations of the Federal Motor Carrier Safety

Administration (FMCSA). The MCS-90 Endorsement itself expresses the following provision which governs whether it may potentially be triggered to apply:

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, <u>as a motor carrier of property</u>, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).

(Ex. H; MCS-90 Endorsement)(underline emphasis added).

36. As can be seen from the MCS-90 Endorsement itself, it provides potential obligation if required for "compliance by the insured. . . <u>as a motor carrier of property</u>. . . with. . . the FMCSA". (*Id*.)(underline emphasis added). Further, the transportation of "property" must meet the confines of (1) "interstate commerce", or (2) "intrastate commerce" and, if "intrastate commerce", the property being transported must qualify as "hazardous material".

### A. **OM Transportation, Inc. Was Not the "Motor Carrier"**

37. As above articulated, the MCS-90 Endorsement potentially applies only when required for compliance "<u>as a motor carrier of property</u>".

38. Based on information and evidence to date, OM Transportation Inc. cannot be deemed to be the "motor carrier". And, in fact, evidence supports that it was not, including, without limitation, the following statements included in the Declaration of Mr. Mendoza:

   a. "The truck's driver, Homero Molina, Jr. had no relationship with OM Transportation. He was not employed, paid, or trained by OM Transportation." (Ex. D; Motion to Vacate Default Judgment; Declaration of Mr. Mendoza; 18., p. 3).

   b. "[T]he tractor-trailer involved in the accident did not belong to OM Transportation. OM [Transportation] did not own, rent, or maintain the tractor-trailer." (*Id*.; 20., p. 3).

   c. "OM Transportation had no knowledge that the truck involved in this accident bore the OM Transportation logo until the accident occurred." (*Id*.; 22., p. 3).

  d. "The DOT number, the title, and the insurance on the truck all prove that OM Transportation did not own or maintain the tractor-trailer." (*Id*.; 23., p. 3).

39. In addition, the Bill of Lading states the "Carrier" to be "Landstar Express America". (Ex. I; Bill of Lading).

40. And the Illinois Traffic Crash Report states that the freightliner being driven at the time of the accident was owned by "Edgar Martinez". (Ex. E; Memorandum in Support of Motion for Default Judgment; p. 16).

41. In addition to the above, to the extent that OM Transportation Inc.'s role in the transaction and transportation at issue was limited to that of a broker, no MCS-90 obligation exists.

  **B.** **<u>No Final Judgment Against the First Named Insured</u>**

42. The MCS-90 Endorsement is not even potentially triggered unless and until there is a final judgment against the first named insured.

43. Although a default judgment exists, this does not constitute a final judgment for many reasons. Here, the default judgment is subject to direct attack with the potential result of a reversal on appeal. Thus, currently, it is interlocutory, and not subject to any obligation pursuant to the MCS-90 Endorsement.

44. In addition, the default judgment is not likely to be binding because it is not based on an adversarial trial which should be required to constitute any "final judgment".

45. Further, to the extent any MCS-90 obligation is determined to exist, Trisura is entitled as a matter of federal statutory law to seek reimbursement for any payment pursuant to same.

  **VII.** **<u>DEMAND FOR JURY TRIAL</u>**

46. Plaintiff demands a trial by jury.

## VIII.  PRAYER

47. For all of the reasons set forth, Trisura seeks declaratory relief against OM Transportation, Inc. that it owes no duty of defense or indemnity under the commercial automobile liability part of the Trisura Policy, and, in addition, that it owes no potential obligation under the MCS-90 Endorsement.

48. Trisura also seeks attorneys' fees, costs and disbursements in prosecuting this action to the extent permitted by law, and all such other relief as this Court deems just and proper.

Dated: September 25, 2025.

Respectfully submitted,

*/s/ Teresa Bohne*
Teresa Bohne
Texas Bar No.: 02565060
Southern District Bar No. 3761104
BOHNE INSURANCE LAW, PLLC
9655 Wharf Road #123
Coppell, Texas 75019
bohneinsurancelaw@gmail.com
(214) 725-3826
