**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TRISURA SPECIALTY INSURANCE COMPANY** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 3:26-cv-00121-JPG** |
| **OM TRANSPORTATION, INC.** | § § | **JURY TRIAL DEMANDED** |
| **Defendant** | § § | |

### PLAINTIFF'S MOTION TO CONSOLIDATE CIVIL ACTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(a)

Comes now Plaintiff Trisura Specialty Insurance Company ("Trisura"), and pursuant to Federal Rule of Civil Procedure 24(a) respectfully moves this Honorable Court to consolidate two civil actions, both of which are currently pending separately in this Court:

(1) Civil Action No. 3:26-cv-00121; *Trisura Specialty Insurance Company v. OM Transportation, Inc Trisura Specialty Insurance Company v. OM Transportation, Inc* (the "Declaratory Action"); and

(2) Civil Action No. 3:25-cv-01965; *Frank Landry, as Administrator of the Estate of Zachary Landry v. Homero Molina, OM Transportation, Inc., and El Transport, LLC, and Trisura Specialty Insurance Company*, (the "Citation Proceeding").

In support of Plaintiff's Motion to Consolidate, Trisura states the following:

1.      Federal Rule of Civil Procedure 42, allows a Court to consolidate actions that involve "a common question of law or fact." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *See, e.g., Hall v. Hall*, 584, U.S. 59, 77 (2018).

Page 1 of 5

2.      The purpose of consolidation under Rule 42 is "to promote judicial efficiency, but not if prejudice caused to any of the parties outweighs it." *McKnight v. Illinois Cent. R.R. Co.*, No. 09-cv-201-DRH, 2009 WL 1657581, at *1 (S.D. Ill June 12, 2009) (citing *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970)).

3.      The Declaratory Action and the Citation Proceeding are currently pending before this Court in the United States District Court for the Southern District of Illinois, and they involve "common questions of law or fact".

**A.  Declaratory Action**

4.      Trisura initiated the Declaratory Action, which  seeks judicial declaration that Trisura owes no duty of defense or indemnity or any other obligation to its first named insured, OM Transportation, Inc., with respect to the allegations of liability and damages sought or pursuant to the Order and Default Judgment regarding the underlying liability lawsuit styled *Frank Landry, as Administrator of the Estate of Zachary Landry v. OM Transportation, Inc., et al,*  Cause No. 24LA1705, in the Circuit Court, County of St. Clair, Illinois (the "Underlying Lawsuit").

**B.  Citation Proceeding**

5.      The Citation Proceeding, which is directly related to the Underlying Lawsuit, seeks recovery of insurance coverage proceeds from Trisura as the liability insurance company insuring OM Transportation, Inc. pertaining to the Order and Default Judgment obtained in the Underlying Lawsuit.

6.       The Citation Proceeding was initially filed in the Underlying Lawsuit state court action.  After being served with same, Trisura removed the Underlying Lawsuit and Citation Proceeding to this Court.

7.      On February 3, 2026, this Court held that the removal of the Citation Proceeding was proper but severed the Citation Proceeding from the Underlying Lawsuit and remanded the Underlying Lawsuit back to the St. Clair County Circuit Court.

## C.  Common Questions of Law or Fact

8.      The Declaratory Action and Citation Proceeding share a common questions of law or fact, both of which hinge on the threshold question of whether Trisura owes a duty of defense or indemnity regarding the Underlying Lawsuit.

9.      As the Court explained in its February 3, 2026 decision holding that the Citation Proceeding was properly removed, the only issue remaining in the Citation Proceeding is whether Trisura is "holding assets of the judgment debtor[s] that should be applied to satisfy the judgment." *Id.* (citing *FirstMerit Bank, N.A. v. McEnery*, 168 N.E.3d 704, 709 (Ill. App. Ct. 2020)). This determination hinges on judicial declaration of whether Trisura owes a duty of defense or indemnity with respect to the allegations of liability and damages sought or the Order and Default Judgment in the Underlying Lawsuit.

10.     Accordingly, for the reasons ser forth herein, Trisura respectfully requests that this Honorable Court grant its Motion to Consolidate the Declaratory Judgment Action and Citation Proceeding Under Federal Rule of Civil Procedure 42(a), which will promote judicial efficiency and allow determination of the issues in the proper sequence.

## D.  Additional Response and Motion Filed by Trisura

11.     Concurrently with this Motion to Consolidate, Trisura files the following: (1) its Motion to Join Frank Landry as Administrator of the Estate of Zachary Landry as an additional named defendant in the Declaratory Action; and (2) its Response to Frank Landry as Administrator of the Estate of Zachary Landry's Motion for Leave to file a separate action against Trisura in the Citation Proceeding.

12.	This Motion to Consolidate and the Motion to Join to the Declaratory Action should be granted to allow one pending action to declare the rights and obligations of Trisura pursuant to the commercial general automobile liability policy and the MCS-90 Endorsement, as well as a determination regarding the Citation Proceeding.

13.	In addition, the Response to Frank Landry as Administrator of the Estate of Zachary Landry's Motion for Leave should, as stated therein, result in this Court disallowing the allegations against Trisura which are not ripe for determination, and allowing the issues in the Declaratory Action to proceed with same joined as an additional named defendant.

WHEREFORE, PREMISES CONSIDERED, Trisura respectfully requests this Court to grant this Motion to Consolidate the Declaratory Action and Citation Proceeding as set forth herein, and for such other and further relief to which it may show itself justly entitled, whether existing at law or in equity.

HEPLERBROOM, LLC

By:	/s/ Bharat Varadachari

BHARAT VARADACHARI	#6276093 IL
bzv@heplerbroom.com
130 North Main Street
P.O. Box 510
Edwardsville, IL  62025
(618) 656-0184 – Telephone
(618) 656-1364 – Facsimile
*Attorneys for Plaintiff*
*Trisura Specialty Insurance Company*

**PROOF OF SERVICE**

I hereby certify that on this 10th day of March, 2026, I served via email the foregoing to the following:

Jon Kangwa
Wood Smith Henning & Berman LLP
jkangwa@wshblaw.com
*Attorneys for Defendant OM Transportation, Inc.*

/s/ Bharat Varadachari