UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRISURA SPECIALTY INSURANCE
COMPANY,

        Plaintiff,

        v.

OM TRANSPORTATION, INC.,

        Defendant.

Case No. 26-cv-00121-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Trisura Specialty Insurance Company

("Trisura")'s Motion for Joinder (Doc. 23) and Motion to Consolidate Cases (Doc. 22).

Defendant OM Transportation ("OM") has not appeared in this case and did not file a response

to the motion.

A. Motion for Joinder:

Trisura asks the Court to join Frank Landry, Administrator of the Estate of Zachary

Landry ("Landry"), as a named defendant in this case. Federal Rule of Civil Procedure 20(a)(2)

provides that defendants may be joined in the same action if: (1) the plaintiff asserts at least one

claim against each defendant "with respect to or arising out of the same transaction, occurrence,

or series of transactions or occurrences" and (2) "any question of law or fact common to all

defendants will arise in the action." Here, both criteria are satisfied. This action presents a

question common to OM and Landry: whether Trisura owes a duty of defense or indemnity

under the insurance policy. In addition, Trisura asserts a claim against both OM and Landry.

Trisura's argument that it owes no duty with respect to the default judgment precludes both OM

and Landry from reaching the insurance policy's proceeds. Accordingly, the Court **GRANTS** Trisura's Motion for Joinder (Doc. 23). Trisura shall have up to an including May 15, 2026, to file an amended complaint that adds Landry as a named defendant in this case.

B. Motion to Consolidate Cases:

Trisura asks the Court to consolidate two cases: *Frank Landry, Administrator of the Estate of Zachary Landry v. Homero Molina, Jr., OM Transportation, Inc., and El Transport, LLC*, No. 25-cv-1965-JPG ("the Citation Proceeding") and *Trisura Specialty Insurance Company v. OM Transportation, Inc.*, No. 26-cv-121-JPG ("the Declaratory Judgment Action"). Federal Rule of Civil Procedure 42(a) allows the Court discretion to consolidate cases that involve a common question of law or fact. The Court declines to consolidate the Citation Proceeding and the Declaratory Judgment Action. In Illinois, citation proceedings are limited actions. Their purpose is to provide judgment creditors with "an efficient and expeditious procedure" to collect judgments. *Bank of Aspen v. Fox Cartage, Inc.*, 533 N.E.2d 1080, 1083 (Ill. 1989). If the Court consolidates these actions, the Citation Proceeding will become a full-fledged lawsuit, rather than an efficient procedure to discover assets and apply them to the judgment. As such, the Court **DENIES** Trisura's Motion to Consolidate Cases (Doc. 22).

**IT IS SO ORDERED.**
**DATED: May 1, 2026**

_____
**J. PHIL GILBERT**
**United States District Judge**

2