UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRISURA SPECIALTY INSURANCE
COMPANY,

        Plaintiff,

      v.

OM TRANSPORTATION, INC., and
FRANK LANDRY, as Administrator of the Estate
of ZACHARY LANDRY,

        Defendants.

Case No. 26-cv-00121-JPG

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Trisura Specialty Insurance Company's Motion for Leave for Substitution of Service (Doc. 38). It alleges that it has attempted to serve Defendant OM Transportation ("OM") eight times since it filed this lawsuit, and all the attempts have been unsuccessful. It asks the Court to authorize substitute service on OM. Defendant Frank Landry filed a response (Doc. 39).

Before addressing Plaintiff's request for substitute service, the Court must first determine whether Plaintiff has shown good cause to extend the deadline for service. Federal Rule of Civil Procedure 4(m) sets a time limit for service, and that limit is "within 90 days after the complaint is filed." If that limit is not met, it states that "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

This case was filed on September 25, 2025. It is now almost ten months later, and OM has not been served. Thus, the Court should dismiss the claims against OM unless Plaintiff

shows good cause for the failure. Although Plaintiff's motion does not provide an in-depth analysis on the application of Rule 4(m), the Court finds that it establishes good cause. It alleges that numerous events have occurred since the filing of this lawsuit, including mediation and a change of venue, that have delayed service of OM. Accordingly, the Court will extend the time for service under Rule 4(m).

Now that the Court has determined that good cause exists to extend the service deadline, it will consider Plaintiff's request for substitute service. Federal Rule of Civil Procedure 4(h) details how to serve process on a corporation. It permits a corporation to be served in a judicial district of the United States by either: (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or (2) "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." *Id.*

At this stage, the Court does not believe that substitute service is warranted. OM's sole owner and agent, Orlando Mendoza, is currently out on bond in a criminal case in Maverick County, Texas, and is unable to leave the state. Plaintiff should therefore be able to locate him and effectuate personal service. At a minimum, Plaintiff must attempt to do so before the Court authorizes substitute service. If Plaintiff makes a reasonable attempt but is unsuccessful, it may renew its motion for substitute service.

For the foregoing reasons, the Court **DENIES** Plaintiff Trisura Specialty Insurance Company's Motion for Leave for Substitution of Service (Doc. 38) and **EXTENDS** the time for

2

Plaintiff to achieve proper service on OM to 30 days from entry of this Order.

**IT IS SO ORDERED.**
**DATED**: **July 22, 2026**

**J. PHIL GILBERT**
**United States District Judge**